15 F.3d 142
 AMERICAN STATES INSURANCE COMPANY, Plaintiff-Appellant,
v.
John V. KEARNS, doing business as Tahoe Boat Company; Tahoe
Boat Company; Donzie Marine Corp.; Bruce R.
Elworthy; Deere Credit Service, Inc.;
Anne B. Marshall, Defendants-Appellees.
 No. 92-16266.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Dec. 14, 1993.
Decided Jan. 26, 1994.
 
 Kathleen E. Hegen, Boornazian, Jensen & Garthe, Oakland, CA, for plaintiff-appellant.
 Barbara G. Archibald, Hardy Erich Brown & Wilson, Sacramento, CA, for defendants-appellees.
 Appeal from the United States District Court for the Eastern District of California.
 Before: WALLACE, Chief Judge, GARTH* and CHARLES WIGGINS, Circuit Judges.
 WALLACE, Chief Judge:
 
 
 1
 American States Insurance Company (American States) appeals from the district court's judgment dismissing its declaratory relief action for lack of jurisdiction. American States sought to establish that under the insurance policy at issue, it has no duty to indemnify or defend Kearns, doing business as Tahoe Boat Company (Tahoe Boat) in a suit brought against Tahoe Boat in state court. The district court's jurisdiction over this diversity suit would be premised on 28 U.S.C. Sec. 2201(a) and 28 U.S.C. Sec. 1332. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. Sec. 1291. We reverse and remand.
 
 
 2
 * Tahoe Boat was sued in state court under several theories of liability arising out of the sale of a boat. American States undertook Tahoe Boat's defense with a full reservation of rights, while bringing a diversity suit in federal court under the Declaratory Judgments Act, 28 U.S.C. Sec. 2201, to establish whether it had a duty to defend or indemnify Tahoe Boat. Arguing that it would be prejudiced by revealing possible bases of liability if a summary judgment motion were entertained in the district court, Tahoe Boat moved to stay the declaratory relief action until the state court action was resolved. Instead of deciding whether to stay the action temporarily, the district court examined our recent cases and concluded that the action was not sufficiently ripe and dismissed it for lack of jurisdiction.
 
 
 3
 We review de novo whether the district court had jurisdiction over the declaratory action. Aydin Corp. v. Union of India, 940 F.2d 527, 527 (9th Cir.1991) (Aydin ).
 
 II
 
 4
 The Declaratory Judgments Act states: "In a case of actual controversy within its jurisdiction ... any court of the United States ... may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. Sec. 2201(a). Two issues are presented to the district court by this statutory pronouncement.
 
 
 5
 First, the court must inquire whether there is a case of actual controversy within its jurisdiction. Jurisdiction to award declaratory relief exists only in a case of actual controversy. Wickland Oil Terminals v. ASARCO, Inc., 792 F.2d 887, 893 (9th Cir.1986). We have held that this requirement is identical to Article III's constitutional case or controversy requirement. Societe de Conditionnement en Aluminum v. Hunter Eng'g Co., 655 F.2d 938, 942 (9th Cir.1981). If American States's suit was not ripe as the district court held, there would have been no jurisdiction, since "[i]n order for a case to be justiciable under Article III of the Constitution, it must be ripe for review." Aydin, 940 F.2d at 528. Of course, the case must also fall under one of the foundations of federal jurisdiction. Here, jurisdiction is premised on diversity.
 
 
 6
 Second, if there is a case or controversy within its jurisdiction, the court must decide whether to exercise that jurisdiction. The statute gives discretion to courts in deciding whether to entertain declaratory judgments; it states that the court "may declare the rights ... of any interested party." 28 U.S.C. Sec. 2201(a) (emphasis added).
 
 
 7
 The Supreme Court has provided guidance for the exercise of the district court's discretionary decision whether to entertain declaratory relief. See Brillhart v. Excess Ins. Co., 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942) (Brillhart ). Essentially, the district court "must balance concerns of judicial administration, comity, and fairness to the litigants." Chamberlain v. Allstate Ins. Co., 931 F.2d 1361, 1367 (9th Cir.1991) (Chamberlain ).
 
 
 8
 Our recent cases that deal with whether courts have jurisdiction over declaratory actions brought to establish insurance coverage obligations may need further explanation. One might interpret a blending of the two quite distinct inquiries described above--one based on the case or controversy requirement; the other based on the Brillhart concerns. See, e.g., Continental Casualty Co. v. Robsac Indus., 947 F.2d 1367, 1371-72 (9th Cir.1991) (Robsac ) (discussion of Brillhart inquiry includes a discussion of the ripeness requirement of Article III's case or controversy clause).
 
 
 9
 Further confusion may have been caused by the inconsistency of our statements regarding the jurisdictional inquiry--the case or controversy requirement--in the context of insurance coverage disputes. In dicta, we have stated that it is doubtful that an actual controversy exists in an action seeking to establish that there is no duty to indemnify, when the underlying state court suit that would produce the liability has not yet been resolved. Ticor Title Ins. Co. v. American Resources, Ltd., 859 F.2d 772, 777 n. 7 (9th Cir.1988). In yet another piece of dictum, we stated that even in a declaratory judgment action disputing a duty to defend, there may not be a case or controversy. Robsac, 947 F.2d at 1371, 1372.
 
 
 10
 Subsequently, in a case which squarely presented the issue for resolution, we took a contrary position, and held that in a declaratory judgment action brought to determine a duty to defend or to indemnify, the court may exercise jurisdiction. Aetna Casualty and Sur. Co. v. Merritt, 974 F.2d 1196, 1199 (9th Cir.1992) (Merritt ). Rejecting the dicta in Robsac, we held that "[w]e know of no authority for the proposition that an insurer is barred from invoking diversity jurisdiction to bring a declaratory judgment action against an insured on an issue of coverage." Id.
 
 
 11
 However, in Merritt we did not discuss whether we were approving both the court's exercise of its discretion to hear the case and the more basic assumption that a case or controversy existed before that discretion could be exercised. The district court in this case was also unclear about whether it was declining jurisdiction based on the case or controversy requirement, or based on its discretion not to exercise jurisdiction. The district court seems to have interwoven these two distinct inquiries.
 
 III
 
 12
 In this opinion, we make explicit the resolution of the two inquiries impliedly addressed in Merritt, and we apply the holding in Merritt to American States's suit.
 
 
 13
 First, we read Merritt to hold that a case or controversy existed in that action. Merritt 's holding controls here as well. In Merritt, the insurer sought a declaration regarding its duty to defend and indemnify its insured in a pending state court liability suit. American States also seeks a declaration regarding its obligations in the pending state court liability suit against Tahoe Boat. Thus, Merritt controls our decision that there was a case or controversy when American States brought its declaratory judgment action to establish whether it had a duty to defend and to indemnify Tahoe Boat. In addition to Merritt, our conclusion follows from Maryland Casualty v. Pacific Coal & Oil Co., 312 U.S. 270, 61 S.Ct. 510, 85 L.Ed. 826 (1941), in which the Supreme Court held that an insurer's declaratory judgment action regarding its duty to defend and indemnify was sufficiently ripe, even when the underlying liability action in state court had not yet proceeded to judgment.
 
 
 14
 Second, we read Merritt to hold that there is no per se rule against the district court exercising its jurisdiction to resolve an insurance coverage dispute when the underlying liability suit is pending in state court. We take Merritt to hold that, based on the facts of that case, the district court was correct to exercise its jurisdiction. In this case, the district court decided that it lacked jurisdiction based on the case or controversy requirement, and thus did not consider the question whether to exercise its jurisdiction. Because there was no clear decision on this issue by the district court, we do not reach the question whether the district court should exercise its jurisdiction. We remand for the district court to apply Merritt, Brillhart, and Chamberlain in deciding whether to exercise its discretion.
 
 
 15
 REVERSED AND REMANDED.
 
 GARTH, Circuit Judge, concurring:
 
 16
 I am in complete agreement with the result reached by the majority. My only reason for writing separately is to suggest that, in exercising its discretion, the district court should consider and weigh at the least the following factors:
 
 
 17
 First, and foremost in my opinion, the district court should determine whether the federal and state cases are parallel. See, e.g., Provident Tradesmens Bank v. Patterson, 390 U.S. 102, 125-28, 88 S.Ct. 733, 746-47, 19 L.Ed.2d 936 (1968); Continental Casualty Co. v. Coastal Sav. Bank, 977 F.2d 734, 737 (2nd Cir.1992); Sears, Roebuck and Co. v. Zurich Ins. Co., 422 F.2d 587, 590 (7th Cir.1970).
 
 
 18
 Other factors that I suggest should be considered by the district court in exercising its discretion are: whether the declaratory action will settle all aspects of the controversy; whether the declaratory action will serve a useful purpose in clarifying the legal relations in issue; whether the declaratory action is being sought merely for the purposes of procedural fencing or to obtain a "res judicata" advantage; or whether the use of a declaratory action will result in entanglement between the federal and state court systems. In addition, the district court might also consider the convenience of the parties, and the availability and relative convenience of other remedies. See, e.g., Continental Casualty Co. v. Coastal Sav. Bank, 977 F.2d 734, 737 (2nd Cir.1992); United States v. Commonwealth of Pennsylvania, Dep't of Env't Resources, 923 F.2d 1071, 1075 (3d Cir.1991); Mitcheson v. Harris, 955 F.2d 235, 239-40 (4th Cir.1992); Allstate Ins. Co. v. Mercier, 913 F.2d 273, 277 (6th Cir.1990).
 
 
 19
 There is precedent in this Circuit for review and resolution by this court of the issue at hand, rather than remanding to the district court for the district court's exercise of discretion. If we were to follow in the steps of Continental Casualty Co. v. Robsac Indus., 947 F.2d 1367, 1370 (9th Cir.1991), with respect to remanding or deciding the discretionary issue ourselves, I would have opted to decide the issue at this point and at this level. I would have urged the panel to reverse the district court's judgment and direct the district court to entertain American States' action as a federal declaratory proceeding. I would do so because I am satisfied that, in the present situation where the federal and state actions are not parallel, particularly since American States is not a party to the state action, the factors noted above, when balanced, militate strongly against dismissal of the federal action.
 
 
 20
 I recognize, however, that there is much force in permitting the district court to exercise its discretion in the first instance, as the court now holds, and so I am pleased to concur in the majority disposition.
 
 
 
 *
 Honorable Leonard I. Garth, United States Circuit Judge, Third Circuit Court of Appeals, sitting by designation