103 F.3d 142
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
David Wayne MEANS, Defendant-Appellant.
 No. 95-17138.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 18, 1996.*
Decided Nov. 20, 1996.
 
 Before: PREGERSON, REINHARDT, and T.G. NELSON, Circuit Judges.
 MEMORANDUM**
 Federal prisoner David Wayne Means appeals pro se the district court's denial of his second 28 U.S.C. § 2255 motion and other requests for relief. Means contends: 1) the evidence was insufficient to convict him of transporting forged checks in interstate commerce; 2) he was denied his right to testify because the district court intimidated him; 3) the district court neglected to give a jury instruction, as the court intended; 4) the imposition of restitution is now illegal because the government's theory justifying restitution[1] is no longer valid; and 5) the district court erroneously imposed a two-level increase in Mean's offense level under U.S.S.G. § 2B1.1(b)(5). We review de novo. Sanchez v. United States, 50 F.3d 1448, 1451-52 (9th Cir.1995). We have jurisdiction pursuant to 28 U.S.C. § 2255, and affirm.
 The sufficiency of the evidence claim is precluded because Means raised the claim on direct appeal. See United States v. Redd, 759 F.2d 699, 701 (9th Cir.1985). Means's sufficiency of the evidence claim is also successive, as is his intimidation claim, because he raised the claims during his first § 2255 proceeding. See Rule 9(b), Rules Governing Section 2255 Proceedings, 28 U.S.C. foll. § 2255; Sanders v. United States, 373 U.S. 1, 17 (1963). Means fails to show that the ends of justice require reconsideration of the claims. See Molina v. Rison, 886 F.2d 1124, 1127 (9th Cir.1989).[2]
 
 
 1
 Means did not object to the district court's failure to give the jury instruction before the jury retired and he did not appeal the claim. Means's failure to object, as required by Fed.R.Crim.P. 30, bars him from raising the claim for the first time in a § 2255 petition. See Frady v. United States, 456 U.S. 152, 162-64, 167-68 (1982); see also United States v. English, 42 F.3d 473, 477-78 (9th Cir.1994). Means also abused the writ by failing to challenge the jury instruction in his previous 28 U.S.C. § 2255 motion. See Rule 9(b), Rules Governing Section 2255 Proceedings, 28 U.S.C. foll. § 2255; cf. McClesky v. Zant, 499 U.S. 467, 493-94 (1991). Thus, he must show cause and prejudice, or a miscarriage of justice in order to lift the procedural bars to his new claim. See McClesky, 467 U.S. at 493-94; Frady, 456 U.S. at 167-68. Because Means has failed to make such a showing, we will not consider his claim.[3]
 
 
 2
 Means has waived his nonconstitutional sentencing issues by failing to object at sentencing and on direct appeal. See United States v. Schlesinger, 49 F.3d 483, 485 (9th Cir.1995).
 
 
 3
 Finally, Means attempts to challenge factual statements contained in the district court's denial of his first § 2255 motion. Means has raised this claim numerous times before, both before the district court and in this court, and each time the claim has been resolved against him or found meritless. Moreover, Means fails to explain how these factual statements have any bearing on his conviction or sentence; therefore Means is not entitled to relief. See 28 U.S.C. § 2255.
 
 
 4
 AFFIRMED.
 
 
 
 *
 Because the panel unanimously finds this case suitable for decision without oral argument, we deny Means's request for oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 Because we affirm the denial of relief under the former version of 28 U.S.C. § 2255, we do not consider whether the Antiterrorism and Effective Death Penalty Act of 1996 applies to this appeal.
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although Means styles his challenge to restitution as a modification of the terms of supervised release, Means is clearly challenging the original imposition of restitution. Therefore the district court correctly interpreted this claim as falling within a 28 U.S.C. § 2255 motion
 
 
 [2]
 We reject Means's contention that the district court erroneously denied his request for declaratory judgment. Even if 28 U.S.C. § 2201(a) applied to 28 U.S.C. § 2255 proceedings, the district court was not required to grant Means declaratory relief. See American States Ins. Co. v. Kearns, 15 F.3d 142, 143-44 (9th Cir.1994)
 
 
 [3]
 Means suggests that appellate counsel was ineffective for failing to raise the jury instruction issue on direct appeal, but Means did not raise the ineffective assistance of counsel claim in his § 2255 motion. Thus, we will not consider this claim. See United States v. Beierle, 77 F.3d 1199, 1201 (9th Cir.1996)