NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

OCT 7 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

DECATHLON USA, LLC, a Delaware limited liability company; DECATHLON SE, a French corporation,

Plaintiffs - Appellants,

v.

HSE ASSOCIATES, LLC, a Florida limited liability company,

Defendant - Appellee.

No. 24-708

D.C. No. 3:23-cv-01524-AMO

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Araceli Martinez-Olguin, District Judge, Presiding

Submitted October 3, 2025[**]
San Francisco, California

Before: SANCHEZ and H.A. THOMAS, Circuit Judges, and LIBURDI, District Judge.[***]

Decathlon USA, LLC and Decathlon SE (collectively, "Decathlon") appeal

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Michael T. Liburdi, United States District Judge for the District of Arizona, sitting by designation.

the district court's order dismissing with prejudice Decathlon's first amended complaint ("FAC") against HSE Associates, LLC ("HSE") for relief under the Declaratory Judgment Act, 28 U.S.C. § 2201. We have jurisdiction under 28 U.S.C. § 1291. Because this case is not ripe, we affirm the district court's dismissal of the FAC and remand for the district court to enter an order of dismissal without prejudice.

1. We "review de novo a district court's order dismissing a case for lack of subject matter jurisdiction, [or] lack of ripeness."[1] *Bishop Paiute Tribe v. Inyo Cnty.*, 863 F.3d 1144, 1151 (9th Cir. 2017). Before proceeding to the merits of a declaratory action, a district court must first "inquire whether there is an actual case or controversy within its jurisdiction." *Principal Life Ins. Co. v. Robinson*, 394 F.3d 665, 669 (9th Cir. 2005) (citing *Am. States Ins. Co. v. Kearns,* 15 F.3d 142, 143 (9th Cir. 1994)). "If a case is not ripe for review, then there is no case or controversy, and the court lacks subject-matter jurisdiction." *Id*.

Unless and until HSE files suit, there is no live case or controversy over which the district court could exercise jurisdiction. "For a case to be ripe, it must

---

[1] The district court properly construed HSE's motion to dismiss as being brought under Federal Rule of Civil Procedure 12(b)(1). *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989) ("[M]otions raising the ripeness issue are treated as brought under Rule 12(b)(1) even if improperly identified by the moving party as brought under Rule 12(b)(6).").

present issues that are 'definite and concrete, not hypothetical or abstract.'" *Bishop Paiute Tribe*, 863 F.3d at 1153 (quoting *Thomas v. Anchorage Equal Rts. Comm'n*, 220 F.3d 1134, 1139 (9th Cir. 2000)).

Here, Decathlon's FAC rests upon an assumption that HSE will not make efforts to mitigate its losses before the statute of limitations to assert its claims against Decathlon runs. But "[a] claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Cardenas v. Anzai*, 311 F.3d 929, 934 (9th Cir. 2002) (quoting *Texas v. United States*, 523 U.S. 296, 300 (1998)). Pursuant to California law, moreover, any calculation of HSE's losses—and efforts to mitigate those losses—must take place "at time of award," a point in time that is yet to come. Cal. Civ. Code § 1951.2(a)(3).

2. Because the district court lacked subject-matter jurisdiction, it should have entered an order of dismissal without prejudice. *Hampton v. Pac. Inv. Mgmt. Co. LLC*, 869 F.3d 844, 846 (9th Cir. 2017) ("Dismissals for lack of subject-matter jurisdiction . . . must be without prejudice, because a lack of jurisdiction deprives the dismissing court of any power to adjudicate the merits of the case."). We therefore vacate the court's order of dismissal with prejudice, and remand for the court to enter a dismissal without prejudice, consistent with this order.

**AFFIRMED IN PART; VACATED IN PART; REMANDED.**