**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 03 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PENNSYLVANIA, a Pennsylvania corporation,<br><br>      Plaintiff - Appellant,<br><br>  v.<br><br>757BD, LLC,<br><br>      Defendant - Appellee. | No. 12-15524<br><br>D.C. No. 2:11-cv-01212-DGC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Argued and Submitted February 14, 2014
San Francisco, California

Before: TALLMAN and RAWLINSON, Circuit Judges, and GARBIS, Senior
District Judge.[**]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Marvin J. Garbis, Senior United States District Judge for the District of Maryland, sitting by designation.

Plaintiff-Appellant National Union Fire Insurance Company of Pittsburgh, Pennsylvania, appeals the district court's award of attorney's fees to Defendant-Appellee, 757BD, LLC.  National Union filed suit in the U.S. District Court for the District of Arizona seeking a declaratory judgment that it had no duty to defend or indemnify another party, Aero Jet Services, LLC, relating to claims alleged by 757BD in an underlying state court lawsuit.  National Union was not a party to the state court action.  757BD moved to dismiss National Union's complaint based on the court's discretionary authority to decline jurisdiction over declaratory judgment actions.  The district court granted the motion and awarded 757BD its attorney's fees under Arizona Revised Statute § 12-341.01, a fee-shifting statute triggered in "any contested action arising out of a contract[.]"[1]  National Union argues that A.R.S. § 12-341.01 is preempted by federal law when used to award fees for this type of non-merits, discretionary dismissal.  Preemption aside, it claims that fees were inappropriate because the action was not "contested" on the merits and 757BD did not succeed on the merits.  We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

---

[1] A.R.S. § 12-341.01 provides, in pertinent part: "In any contested action arising out of a contract, express or implied, the court may award the successful party reasonable attorney fees."

A.R.S. § 12-341.01 is not preempted.  It does not conflict with a federal statute or rule of court,[2] and it represents a substantial and substantive policy of the state.  *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 52 (1991) ("[I]n an ordinary diversity case where the state law does not run counter to a valid federal statute or rule of court, and usually it will not, state law denying the right to attorney's fees or giving a right thereto, which reflects a substantial policy of the state, should be followed."  (citations and quotations omitted)).  Even as applied to this case, the statute "permits a prevailing party in certain classes of litigation to recover fees"—here, actions arising out of a contract—rather than allowing fees based on "how the parties conduct themselves during the litigation."  *Id*. at 52-53.[3]

757BD was also a "successful party" in a "contested action" as required by the statute.  We recently explained that a party "need not 'prevail on the merits of

---

[2]  A.R.S. § 12-341.01 is, in fact, complementary to both Federal Rule of Civil Procedure 54(d), which anticipates a party's reliance on fee-shifting statutes, and the "American Rule," which applies "*unless* a statute or contract provides otherwise," *Marx v. Gen. Revenue Corp.*, 133 S. Ct. 1166, 1175 (2013) (emphasis added) (quoting *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 253 (2010)).

[3] National Union did not make its federal preemption argument below, and we typically do not consider new arguments on appeal.  *See Martinez v. Signature Seafoods Inc.*, 303 F.3d 1132, 1137 (9th Cir. 2002) (recognizing our discretion to entertain arguments that involve pure legal questions).  To the extent National Union believes it has raised preemption arguments not captured by our analysis, we exercise our discretion not to entertain them.  *See id*.

the underlying claims' in order to be deemed a successful party under [§ 12-341.01]." *Medical Protective Co. v. Pang*, No. 11-17384, — F.3d —, 2013 WL 5763205, at *4 (9th Cir. Oct. 25, 2013) (quoting *Mark Lighting Fixture Co. v. Gen. Elec. Supply Co.*, 745 P.2d 123, 128 (Ariz. Ct. App. 1986), *vacated on other grounds*, 745 P.2d 85 (1987)). "It is not relevant under the terms of [A.R.S. § 12-341.01] whether the dismissal . . . operates as a complete dismissal . . . or whether the underlying claim is still viable and will be determined in a subsequently filed action." *Mark Lighting*, 745 P.2d at 129. While National Union may reassert its claims in state court, 757BD succeeded in getting the federal action dismissed. *See id.* ("The only relevant point is that the defendants were successful in the particular action in question.").

757BD also contested the action, even if not on the merits. "[A] contested action is one in which the defendant has appeared and generally defends against the claims and demands made by the plaintiff." *Morrison v. Shanwick Int'l. Corp.*, 804 P.2d 768, 775 (Ariz. Ct. App. 1990). 757BD defended against National Union's claims and demands by seeking and obtaining a jurisdiction-based dismissal. *See Fulton Homes Corp. v. BBP Concrete*, 155 P.3d 1090, 1093, 1906 (Ariz. Ct. App. 2007) (affirming a fee award where the defendant persuaded the

4

plaintiff to voluntarily dismiss its action).[4]  The Arizona legislature knows how to

restrict fee awards to parties who prevail after an adjudication on the merits, *see*

A.R.S. § 12-348, and could have required that an action be contested (or won) on

the merits to earn fees under A.R.S. § 12-341.01.  It did not, and we doubt the

Arizona Supreme Court would read this requirement into the statute.

Finally, we review the district court's award of fees for an abuse of

discretion.  *Velarde v. PACE Membership Warehouse, Inc.*, 105 F.3d 1313, 1318

(9th Cir. 1997).  The district court correctly identified the six *Wagenseller* factors.

*See United States v. Hinkson*, 585 F.3d 1247, 1261-62 (9th Cir. 2009); *Wagenseller*

*v. Scottsdale Mem'l Hosp.*, 710 P.2d 1025, 1049 (Ariz. 1985) (in banc), *superseded*

*by statute on other grounds by* A.R.S. § 23-1501 (1996).  Its application of those

factors was not illogical, implausible, or without support from evidence in the

record.  *See Hinkson*, 585 F.3d at 1262.  It did not err by considering National

Union's claim as intertwined with the court's discretionary jurisdiction; National

Union knew or should have known that the district court's discretion to dismiss

was a hurdle to its success in federal court.  While we find no abuse of discretion,

---

[4] We recognize that BBP Concrete contested the merits in that case—at least
to some degree.  We disagree that this distinction makes a difference under A.R.S.
§ 12-341.01.

5

we take no position on whether a district court confronting the same unique facts would abuse its discretion by declining a party's fee request.

AFFIRMED.

Each party to bear its own costs on appeal.