Honorable Diane J. Humetewa, United States District Judge
After finding that complete diversity of citizenship exists between plaintiff 757BD LLC ("757BD") and defendant National Union Fire Insurance Company of Pittsburgh, PA ("National Union"), the Court allowed 757BD to renew its motion to remand pursuant to 28 U.S.C. § 1447(c) (Doc. 20). 757BD timely did so and this renewed motion is fully briefed. (Docs. 13, 21, 22 and 25). The Court now rules as follows.[1]
I. Background
A. First Superior Court Action
In 2008, 757BD commenced a lawsuit in the Superior Court for the State of Arizona *1157 in Maricopa County ("Superior Court") against Aero Jet Service, LLC ("Aero Jet") and others (the "underlying action"). (Doc. 1-1 at 2[2] , ¶ 3) The underlying action related to the sale and maintenance of a jet aircraft which 57BD had purchased in January 2005. (Doc. 13 at 1:26). In that underlying action, 757BD alleged numerous causes of action against Aero Jet. See (Doc. 1-1 at 3, ¶ 4). Ultimately, in February 2012, the parties entered into a stipulated judgment on two causes of action. (Id. ). That judgment was in favor of 757BD and against Aero Jet in the amount of $591,496.61, plus interest. (Id. ).
National Union insured Aero Jet under two polices, but for a host of reasons it refused to defend Aero Jet in the underlying action and refused to indemnify it for the judgment therein. (Doc. 1-1 at 3-4, ¶¶ 5-7). These reasons include National Union's determinations that: (1) 757BD's claims did not involve "property damage" within the meaning of the policies; (2) the underlying lawsuit did not allege "an occurrence" or "property damage" during the policy period. (Id. at 3, ¶ 7). 757BD disputed National Union's reasons for denying coverage under the policies and for refusing to defend and indemnify it in the underlying action. (Id. at 3, ¶ 8). Subsequently, Aero Jet assigned to 757BD all of "Aero Jet's rights, claims and causes of action against National Union relating to National Union's failure to defend and indemnify Aero Jet in connection" with the underlying action. (Id. at 4-5, ¶ 9).
B. First Federal Court Action
During the pendency of the underlying action, in 2011, National Union filed an action in this District Court under the Federal Declaratory Judgment Act ("FDJA"), 28 U.S.C. §§ 2201, et seq. National Union sued Aero Jet and 757BD and sought a "declaratory judgment that it had no obligation to defend or indemnify its insured, Aero Jet[,]" in the then pending underlying state court action. Nat'l Union Fire Ins. Co. v. Pittsburgh v. Aero Jet Servs., LLC , 2011 WL 4708857, at *1 (D.Ariz. Oct. 7, 2011) (" Nat'l Union I "). In moving to dismiss, 757BD and Aero Jet argued that the Court "should abstain from exercising its jurisdiction over the FDJA claim because Plaintiff could bring its request for declaratory judgment in state court." ( Id. ) (citation omitted). Agreeing, the Court dismissed on abstention grounds reasoning, inter alia , that National Union "could have filed its action in state court under the Arizona Declaratory Judgment statute, A.R.S. § 12-1831 [ (the "Arizona DJA") ]." Id. at *4.
After prevailing on its motion to dismiss in Nat'l Union I , 757BD sought and was awarded its attorneys' fees relating thereto. Nat'l Union Fire Ins. Co. of Pittsburgh v. Aero Jet Servs., LLC , 2012 WL 510490 (D.Ariz. 2012). National Union unsuccessfully appealed the attorneys' fees award only. Nat'l Union Fire Ins. Co. of Pittsburgh v. 757BD, LLC , 560 Fed.Appx. 657 (9th Cir. 2014). Although National Union could have, as the Court observed in Nat'l Union I , it did not file an action in Superior Court under the Arizona DJA.
C. Second Superior Court Action
On February 19, 2014, while National Union's appeal was pending in the Ninth Circuit, 757BD filed a complaint entitled "Declaratory Judgment" in Superior Court.[3] By this time, the underlying action *1158 had been resolved through the February 2012 stipulated judgment. The crux of this most recent lawsuit by 757BD is that National Union improperly "refused to defend Aero Jet and has refused to pay the judgment against Aero Jet in connection with the [u]nderlying [l]awsuit[.]" (Doc. 1-1 at 3, ¶ 7). 757BD alleges that it is "entitled to have determined the construction of [National Union's] Policies" and "to obtain a declaration of its rights, status and legal obligations thereunder pursuant to" the Arizona DJA. (Id. at 5, ¶ 11).
In its prayer for relief, 757BD seeks three closely related declarations. First, it seeks a declaration that National Union's policies required it to defend Aero Jet in the underlying action. Second, 757BD seeks a declaration that National Union's policies required it to indemnify Aero Jet for the judgment entered against Aero Jet in the underlying action. Third, 757BD seeks a declaration that "National Union must pay the judgment entered in favor of 757BD and against Aero Jet in the underlying" action. (Id. at 5, ¶ 3). In addition to this purported declaratory relief, 757BD is seeking its reasonable attorneys' fees and costs and "such other and further relief including a monetary judgment as the Court deems just and proper pursuant to A.R.S. § 12-1838 or principles of law or equity." (Id. at 5, ¶ 6).
D. Second Federal Court Action
In accordance with 28 U.S.C. §§ 1441 and 1446, National Union timely removed that second Superior Court action to this Court purportedly on the basis of diversity jurisdiction, 28 U.S.C. § 1332. Thereafter, Plaintiff timely filed a motion to remand pursuant to 28 U.S.C. § 1447(c). As alluded to at the outset, the Notice of Removal was defective in that it did not properly allege diversity jurisdiction under section 1332. After pointing out this defect, the Court allowed National Union to file a supplemental notice of removal, which it did. Based upon this supplementation, this Court explicitly found "that complete diversity of citizenship exists between Plaintiff and Defendant for purposes of 28 U.S.C. § 1332. (Doc. 20 at 1:20-21). 757BD then timely renewed its motion to remand.
II. Summary of Arguments
Moving for remand, 757BD argues that this Court has "broad discretion to refuse to exercise jurisdiction under the [FDJA]." (Doc. 13 at 3:10) (emphasis omitted). Framing its analysis based upon the factors set forth in Hoelbl v. GEICO , 2010 WL 5463389 (D.Ariz. Dec. 29, 2010), and heavily relying upon that Court's analysis, 757BD argues that, as did the Hoelbl Court, this Court should remand this action to Superior Court.
National Union takes the antithetical view: this Court has "no discretion to remand" because 757BD's complaint is, "in reality, one for breach of contract, not declaratory judgment[.]" (Doc. 22 at 10:10-13) (emphasis omitted). Or, minimally, National Union contends that this action "includes an independent claim for damages for breach of contract." (Id. at 24:8-9) (emphasis omitted). Either way, National Union asserts that it has an "unconditional right to remain in this Court." (Id. at 9:9) (emphasis omitted). Accordingly, this Court must deny 757BD's remand motion.
Alternatively, even if this Court deems the present action to be "one for pure declaratory judgment," in exercising its discretion, National Union urges this Court to find that "the relevant factors ... overwhelmingly favor retention[.]" (Doc. 22 *1159 at 15:1-2) (emphasis omitted). From National Union's standpoint, the "relevant factors" are not those set forth in Hoelbl , but rather those set forth in Brillhart v. Excess Ins. Co. of Am. , 316 U.S. 491, 494-95, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942) ; and Gov't Employees Ins. Co. v. Dizol , 133 F.3d 1220, 1223 (9th Cir. 1998) (en banc).
757BD acknowledges that it is seeking monetary relief herein. Nonetheless, 757BD counters that in its discretion this Court should remand because that relief "is wholly dependent on a favorable declaratory judgment[.]" Reply (Doc. 15) at 2:4-5 (emphasis omitted). Then, whether the Court relies upon Hoelbl or the so-called Brillhart factors, 757BD steadfastly maintains that remand is "appropriate[.]" (Id. at 4:17) (emphasis omitted).
Before addressing these arguments, the Court must consider the effect of removal upon 757BD's claim brought pursuant to the Arizona DJA. Upon removal, this "state law claim must be converted to a claim brought under the [FDJA], 28 U.S.C. § 2201." Mardian Equip. Co. v. St. Paul Fire & Marine Ins. Co. , 2006 WL 2456214, at *4 (D. Ariz. 2006) (citing, inter alia , Inst. for Studies Abroad, Inc. v. Int'l Studies Abroad, Inc. , 263 F.Supp.2d 1154, 1156 (S.D.Ind.2001) ("The federal, rather than the state, Declaratory Judgment Act controls this litigation, despite the fact that this litigation was brought pursuant to [an] Indiana statute[.]") ). "This is so because under the Erie doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law, and the Act is a procedural statute." Id. (citing, inter alia , Erie R.R. Co. v. Tompkins , 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938) ; West Publ'g Co. v. McColgan , 138 F.2d 320, 324 (9th Cir. 1943) ("The Federal Declaratory Judgment Act was not a jurisdiction-conferring statute, but an act to establish a new procedure in the federal courts.... 'Thus, the operation of the Declaratory Judgment Act is procedural only.' ") (citing Aetna Life Ins. Co. v. Haworth , 300 U.S. 227, 240, 57 S.Ct. 461, 81 L.Ed. 617 (1937) ). With this clarification, the Court will next consider whether it has jurisdiction to entertain this action.
III. Discussion
A. Jurisdiction
The parties' respective arguments fail to take into account that "[a] court's jurisdiction is distinct from its remedial powers[ ]" under the FDJA. See Countrywide Home Loans, Inc. v. Mortgage Guar. Ins. Corp. , 642 F.3d 849, 852 (9th Cir. 2011) (citing Steel Co. v. Citizens for a Better Env't , 523 U.S. 83, 90, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998) ). Thus "it is imprecise[,]" as did 757BD and National Union, "to describe the discretion provided by the [F]DJA in terms of jurisdiction." Id.[4] Prior to Countrywide , perhaps it would have been appropriate for the parties' to frame their arguments in terms of jurisdiction, but it no longer is. See Vasquez v. Rackauckas , 734 F.3d 1025, 1039 n. 12 (9th Cir. 2013) (quoting Countrywide , 642 F.3d at 852 ) (internal quotation marks omitted) (recognizing that language in earlier Ninth Circuit cases "referring to a district court's 'exercise or 'accept[ance'] of 'discretionary jurisdiction' 'in an action seeking declaratory relief' is 'imprecise[ ]' "). The Countrywide Court explained that the just quoted phrases are *1160 " 'imprecise' " because the FDJA " 'does not confer jurisdiction, and therefore also does not afford the opportunity to decline it.' " Id. (quoting Countrywide , 642 F.3d at 853 ). Accordingly, this Court cannot, as 757BD urges, decline to exercise jurisdiction under the FDJA because this is a legal non sequitur. Instead, "[t]he relevant discretion vested in [this] district court is whether "to provide a declaratory remedy pursuant to its otherwise proper subject matter jurisdiction over a dispute." See id. (quoting Countrywide , 642 F.3d at 853 ) (emphasis added by Vasquez Court).
In light of National Union's supplemental notice of removal, this Court has subject matter jurisdiction under 28 U.S.C. § 1332. The Court thus has an 'independent jurisdictional basis." See Hall Street Associates, L.L.C. v. Mattel, Inc. , 552 U.S. 576, 581-82, 128 S.Ct. 1396, 170 L.Ed.2d 254 (2008). Therefore, this Court must decide whether, in the exercise of its remedial discretion, "to provide a declaratory remedy" or, as 757BD is seeking, to remand this action to Superior Court. See Countrywide , 642 F.3d at 853.
B. Nature of Complaint?
According to National Union, the complaint is "in reality, one for breach of contract, not declaratory judgment[.]" (Doc. 22 at 10:12-13) (emphasis omitted). National Union posits that the complaint does not allege a viable FDJA claim because all of the allegations pertain to past conduct. National Union further posits that the complaint "clearly allege[s] ... [a ]ll three " elements of a breach of contract claim." (Id. at 13:7-8) (emphasis in original). Thus, National Union reasons, because the complaint is one for breach of contract only, this Court does not have the discretion to remand; it must retain this action.
Even if the complaint does allege a viable FDJA claim, National Union contends that it "concurrently" alleges a "breach of contract damages claim[.]" (Doc. 22 at 13:16-17) (emphasis omitted). Based upon this alternative reading, National Union further argues that this Court has "no discretion to remand[ ]" because "at a bare minimum," the complaint alleges an "additional " breach of contract claim with respect to which a 'monetary judgment' is sought that is "unquestionably 'independent' of the purported declaratory judgment claim." (Id. at 14:18-22) (citation omitted).
Disagreeing with National Union's characterization, 757BD asserts that its complaint does not include an "independent breach of contract claim[.]" (Doc. 25 at 3:22-23). Rather, 757BD contends that it is within this Court's discretion to remand because 757BD's "claim for monetary relief is wholly dependent on a favorable declaratory judgment." (Id. at 2:3-4) (emphasis omitted). 757BD did not reply to National Union's argument that 757BD cannot be seeking declaratory relief because this lawsuit pertains to past conduct only.
Whether by design or not, the complaint is not a model of clarity. In fact, the Court has some reservations as to whether the complaint sufficiently and properly alleges either a FDJA claim or a breach of contract claim. At this juncture, the Court declines to become mired down in the legal sufficiency of 757BD's complaint. This issue must await another day. Instead, the Court will assume for the sake of this motion only, that 757BD has sufficiently alleged a FJDA claim. Even when it does that though, for the reasons set for the below, the Court will retain this action.
C. Brillhart Factors
The Ninth Circuit in Countrywide reiterated that "[g]enerally, district courts have a 'virtually unflagging obligation ...
*1161 to hear jurisdictionally sufficient claims.' " Countrywide , 642 F.3d at 852 (quoting Snodgrass v. Provident Life & Accident Ins. Co. , 147 F.3d 1163, 1167 (9th Cir. 1998) ). However, "[t]he DJA relaxes this obligation in cases where a party seeks declaratory relief." Id. Therefore, "[i]n assessing actions for declaratory judgment, 'the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration.' " Snodgrass , 147 F.3d at 1166 (quoting Wilton v. Seven Falls Co. , 515 U.S. 277, 288, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995) ).
"Since its inception, the Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." Wilton , 515 U.S. at 286, 115 S.Ct. 2137. Hence, the FDJA specifically provides that "[i]n a case of actual controversy within its jurisdiction [with noted exceptions] ... any court of the United States ... may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a) (emphasis added). "This discretion 'is not unfettered... [and] 'a District Court cannot decline to entertain such an action as a matter of whim or personal inclination.' " Hanover Ins. Co. v. Poway Acad. of Hair Design, Inc. , 174 F.Supp.3d 1231, 1234 (S.D. Cal. 2016) (quoting Gov't Emps. Ins. Co. v. Dizol , 133 F.3d 1220, 1223 (9th Cir. 1998) (quoting in turn Pub. Affairs Assocs. v. Rickover , 369 U.S. 111, 112, 82 S.Ct. 580, 7 L.Ed.2d 604 (1962) ).
"[W]hen examining the propriety of entertaining a declaratory judgment action[,] ... the three ' Brillhart factors remain the philosophic touchstone' " of a district court's analysis. R.R. Street & Co. Inc. v. Transport Ins. Co. , 656 F.3d 966, 975 (9th Cir. 2011) (quoting Dizol , 133 F.3d at 1225 ). The three Brillhart factors are: (1) "avoiding 'needless determination of state law issues';" (2) "discouraging forum shopping';" and (3) "avoiding 'duplicative litigation.' " Id. (quoting Gov't Emps. Inc. v. Dizol , 133 F.3d 1220, 1225 (9th Cir. 1998) (en banc) ).[5] These "factors are not exhaustive." Dizol , 133 F.3d at 1225 n. 5. The Ninth Circuit has "suggested other considerations, such as whether the declaratory action will settle all aspects of the controversy; 'whether the declaratory action will serve a useful purpose in clarifying the legal relations at issue; whether the declaratory action is being sought merely for the purposes of procedural fencing or to obtain a 'res judicata' advantage; or whether the use of a declaratory action will result in entanglement between the federal and state court systems.' " Id. (quoting American States Ins. Co. v. Kearns , 15 F.3d 142, 145 (9th Cir. 1994) (J., Garth concurring) ). " 'In addition, the district court might also consider the convenience of the parties, and the availability and relative convenience of other remedies.' " Id. (quoting Kearns , 15 F.3d at 145 ).
The Court will address the Brillhart factors first. The parties have contrary views as to the result a Brillhart analysis will yield. 757BD asserts that under such an analysis this Court should remand this action, whereas National Union asserts that the Brillhart factors "overwhelmingly favor retention of this action. (Doc. 22 at 9:14-15) (emphasis in original).
*1162 1. Avoiding needless determination of state law issues
A "needless determination of state law" arises under several circumstances. It "may involve an ongoing parallel state proceeding regarding the 'precise state law issue,' an area of law Congress expressly reserved to the states, or a lawsuit with no compelling federal interest (e.g., a diversity action).' " Burlington Ins. Co. v. Panacorp, Inc. , 758 F.Supp.2d 1121, 1142 (D. Haw. 2010) (quoting Keown v. Tudor Ins. Co. , 621 F.Supp.2d 1025, 1031 (D. Hawai'i 2008) ) (other quotation marks and citation omitted). However, "there is no presumption in favor of abstention in declaratory actions generally, nor in insurance coverage cases specifically." Dizol , 133 F.3d at 1225 (citation omitted). Rather, the concern in the first Brillhart factor " 'is with unsettled issues of state law, not fact-finding in the specific case.' " Allstate Ins. Co. v. Davis , 430 F.Supp.2d 1112, 1120 (D.Haw. 2006) (quoting Nat'l Chiropractic Mut. Ins. Co. v. Doe , 23 F.Supp.2d 1109, 1118 (D.Alaska 1998) (citing Continental Cas. Co. v. Robsac Indus. , 947 F.2d 1367, 1371 (9th Cir. 1991), overruled in part on other grounds by Dizol , 133 F.3d at 1220 ). "When state law is unclear, '[a]bsent a strong countervailing federal interest, the federal court should not elbow its way ... to render what may be an 'uncertain' and 'ephemeral' interpretation of state law.' " Id. (quoting Mitcheson v. Harris , 955 F.2d 235, 238 (4th Cir. 1992) ).
In arguing that the first Brillhart factor favors retention, 757BD focuses solely on the nature of the state law issues. 757BD argues that retention of this lawsuit will result in needless determinations of state law issues by this Court because "[t]he specific insurance coverage issues involved in this action are matters of first impression in Arizona[.]" (Doc. 25 at 6:9-10). Of course, given the absence of a parallel state court action, this Court will not be "needlessly" deciding issues of state law. See GEICO Gen. Ins. Co. v. Tucker , 2014 WL 1713766, at *2 (D. Ariz. 2014) ("[A] determination in this Court would not be needless because there is a controversy between the parties that will not be resolved by any other pending proceedings.") Further, while the lack of an "ongoing parallel proceeding" is not dispositive of the first Brillhart factor, it does weigh, as National Union urges, in favor of retention and against remand. See id. at *3 ; see also Qilin v. CSAA Gen. Ins. Co. , 2016 WL 1248680, at *1 (D. Mont. Mar. 29, 2016) ("[t]hough not ... dispositive," this factor "weigh[ed] against declining jurisdiction[ ]" where no parallel state proceeding would resolve the issues between the parties in another forum).
757BD's assertion that this case involves issues of first impression is not persuasive. 757BD states that there are no "reported Arizona decision[s]" addressing two issues. (Doc. 13 at 6:7). A close reading of 757BD's motion shows, however, that it is attempting to create issues of "first impression" due to the lack of reported Arizona decisions which are factually identical to the present one. To illustrate, "757BD expects to argue that National Union's 'care, custody and control' exclusion is ambiguous and/or illusory under the circumstances of this case and no reported Arizona decision addresses this issue." (Doc. 13 at 6:9-11) (emphasis added). The absence of reported cases factually identical to the present one does not, without more, create an issue of first impression. Nor does is show, as 757BD suggests, that retention will require this Court to needlessly resolve state law issues. The present case stands in stark contrast to Chapman's Las Vegas Dodge, LLC v. Chrysler Group, LLC , 2014 WL 12607723, 2014 U.S.Dist. LEXIS 7339 (D.Nev. 2014), upon which 757BD relies. There, the Court did remand based, inter alia , because "[t]he sole issue ... involve[d]
*1163 the parties' respective rights following a recent amendment to Nevada state law." Id. at *2, 2014 U.S.Dist. LEXIS 7339, at *6. The present case does not involve a "novel and unsettled issue of state law[,]" as discussed next. See id. at *3, 2014 U.S.Dist. LEXIS 7339, at *9.
The Court is fully cognizant that "[s]ome cases have emphasized that insurance coverage is primarily an issue of state law, making comity concerns in favor of a state court determination 'particularly weighty in insurance cases.' " Tucker , 2014 WL 1713766, at *2 (quoting Emp'rs Reinsurance Corp. v. Karussos , 65 F.3d 796, 798-99 (9th Cir.1995), overruled in part on other grounds by Dizol , 133 F.3d at 1227 (internal citation omitted) ). At the same time though, as earlier stated, "there is no presumption in favor of abstention in declaratory actions generally, nor in insurance coverage cases specifically." Dizol , 133 F.3d at 1225. Therefore, "federal courts[ ] routinely handle[ ] declaratory judgment actions addressing insurance coverage based on diversity jurisdiction." Diamond State Ins. Co. v. Red's Blue Goose Saloon, Inc. , 2012 WL 1898641, at *2 (D. Mont. 2012) (citing Dizol , 133 F.3d at 1225 ); see also Gonzales v. National Union Fire Ins. of Pittsburgh, PA , 2011 WL 4899905, at *5 (D. Mont. July 29, 2011), adopted by 2011 WL 4896561 (D. Mont. Oct. 14, 2011) (quoting Wright, Miller & Kane Federal Practice and Procedure: Civil 3d § 2760 ) ("Federal court consideration of insurance coverage issues in declaratory judgment actions is "very common."); Allstate Ins. , 430 F.Supp.2d at 1120 ("On numerous occasions the United States District Court in the District of Hawaii has interpreted insurance policies pursuant to Hawaii state law to determine the scope of an insurer's duties to defend.") Indeed, issues such as whether faulty workmanship constitutes an "occurrence" and the "reasonable expectations doctrine," which 757BD identifies as pertinent here, have been addressed by Courts within this District. See, e.g. , St. Paul Fire & Marine Ins. Co. v. Ohio Casualty Ins. Co. , 2014 WL 1285824 (D.Ariz. 2014) (analyzing applicability of reasonable expectations doctrine); Groth v. Owners Ins. Co. , 2014 WL 2194801, at *5-*7 (D.Ariz. 2014) (addressing issue of whether there was an occurrence that caused property damage).
Finally, this Court agrees with and adopts the Court's reasoning in Gonzales , 2011 WL 4899905, with respect to the federal issue at stake herein:
[W]hile this case does not raise a legal issue that directly involves a "compelling federal interest," it cannot reasonably be said that it involves no federal interest. National removed the action specifically to invoke the Court's diversity jurisdiction.... "The purpose of diversity jurisdiction, and the citizenship determinations associated with it, is to avoid the effects of prejudice against outsiders." Davis v. HSBC Bank Nevada, N.A. , 557 F.3d 1026, 1029 (9th Cir. 2009) (citation omitted); see also Hertz Corp. v. Friend , [559 U.S. 77] 130 S.Ct. 1181, 1192 [175 L.Ed.2d 1029] (2010) (noting that the "general purpose of diversity jurisdiction ... [is to] find the State where a corporation is least likely to suffer out-of-state prejudice when it is sued in a local court"). To assert that there is no federal interest in attempting to mitigate perceived prejudice against a litigant in a judicial proceeding ignores the purpose of federal court diversity jurisdiction.
Id. at *5 (citation omitted).
For all of these reasons, the Court finds that the first Brillhart factor - avoiding needless determination of state law issues - weighs in favor of retention.
2. Discouraging forum shopping
757BD is relying upon National Union's prior conduct to argue that by *1164 removing the latter engaged in impermissible forum shopping. In particular, 775B stresses that the Nat'l Union I Court dismissed National Union's earlier federal court lawsuit because, inter alia , National Union could have brought an equivalent action under Arizona's DJA, but it did not. Further, 757BD points out that National Union also could have resolved the coverage issues in 757BD's Superior Court action, but decided to remove instead. According to 757BD, the foregoing is indicative of forum shopping as National Union is trying to "gain[ ] some perceived tactical advantage in federal court or avoid[ ] some perceived disadvantage in state court." (Doc. 13 at 7:20-22). If this Court were to retain the present action, 757BD asserts that it "would simply encourage the type of forum shopping that the ... court [in Nat'l Union I ] [wa]s endeavoring to discourage." (Id. at 7:24-25). Thus, 757BD argues that the second Brillhart factor favors remand.
National Union's response is two-fold. First, properly invoking federal jurisdiction does not constitute forum shopping. Second, National Union contends that its removal of this action is not the sort of " 'reactive' lawsuit[,]" which the Ninth Circuit has deemed to be forum shopping. (Doc. 22 at 21:20) (quoting R.R. Street , 656 F.3d at 976 ) (other citation omitted).
Tellingly, in its reply 757BD did not mention these arguments at all. Instead, 757BD contends that National Union is "is now seeking to accomplish through removal what" the Nat'l Union I Court "previously disapproved [of] in its dismissal order." (Doc. 25 at 7:8-10). From 757BD's standpoint, this Court "should not ... countenance[ ]" such "gamesmanship[ ]." (Id. at 7:10) (citation omitted).
757BD's argument misses the mark and misapprehends the Nat'l Union I decision at least with respect to forum shopping. Despite what 757BD contends, the Nat'l Union I Court was not "endeavoring to discourage[ ]" forum shopping in its dismissal order. (See Doc. 13 at 7:25). Indeed, the Nat'l Union I Court was explicit. It "d[id] not find that [National Union's] FDJA complaint [wa]s 'reactive' in the sense that [National Union] [wa]s attempting to undermine or preempt an established or pending state court ruling." Nat'l Union I , 2011 WL 4708857, at *4 (emphasis added). That Court also did "not find that [National Union']s choice to file an FDJA action constitute[d] impermissible forum shopping." Id. (emphasis added). Thus, there is no merit to 775BD's assertion that if this Court retains this action, it would amount to an end-run around the Nat'l Union I dismissal order.
Further undermining 757BD's position is that nothing in Nat'l Union I , 2011 WL 4708857, required National Union to file a state court action under the Arizona DJA, as 757BD implies. How National Union proceeded after the dismissal of Nat'l Union I was its prerogative - just as it was 757BD's prerogative to originally file this action in Superior Court. Likewise, 757BD is overlooking the fact that Nat'l Union I case was in very different procedural posture than is the present case. There, at the time of dismissal, the underlying state court action was still pending. As a result, even though the forum shopping factor did not favor dismissal the other two Brillhart factors did. Obviously, the same it not true here. There is no pending state court action.
Moreover, as discussed below, National Union persuasively argues that it properly invoked this Court's jurisdiction and that its removal cannot be deemed a reactive or defensive lawsuit.
a. Discouraging Federal Forum
"Although occasionally stigmatized as 'forum shopping,' the desire for a *1165 federal forum is assured by the constitutional provision for diversity jurisdiction and the congressional statute implementing Article III." First State Ins. Co. v. Callan , 113 F.3d 161, 162 (9th Cir. 1997). Just as in Gonzales, 2011 WL 4899905 (D. Mont. July 29, 2011), "National Union cannot be deprived of a federal forum under the diversity jurisdiction statute implementing Article III merely because Plaintiff[ ] prefer[s] a state forum." See id. at *5 (citing Huth v. Hartford Ins. Co. of Midwest , 298 F.3d 800, 804 (9th Cir. 2002) (forum shopping not a concern where one party prefers state court and the other federal court) ); see also Diamond State , 2012 WL 1898641, at *2 (citation omitted) ("A non-resident insurer who properly invokes diversity jurisdiction cannot be labeled a forum shopper merely because the opposing party prefers to litigate in state court.").
Indeed, arguably, it is 757BD which engaged in forum shopping which in turn also favors retention of this action. In United Nat. Ins. Co. v. R & D Latex Corp. , 242 F.3d 1102 (9th Cir. 2001), an insured filed an "artfully pleaded ... state-court complaint as one for declaratory relief alone[.]" Id. at 1114. The Ninth Circuit opined, however, that "one of [the insured's] causes of action [wa]s not far removed from a claim for breach of contract." Id. This is because when the insured commenced its state court action, one of the underlying actions had been settled, so the insured had "full knowledge of the amount of damages resulting from Traveler's [the insurer's] alleged breach with regard to" that underlying lawsuit. Id. Under such circumstances, "an aggrieved party would ordinarily file [a] breach of contract claim (to remedy the breach for which damages were known)[,]" the Ninth Circuit reasoned. Id. The insured did not bring such a claim, however. Rather, it brought, inter alia , a "declaratory judgment claim[ ], thereby avoiding the mandatory federal jurisdiction that would have attached to the breach of contract claim upon removal by Travelers[,]" the insurer." Id.
The Ninth Circuit in R & D Latex disagreed with Traveler's that its insured's "declaratory claim [wa]s merely a breach of contract damages claim in very thin disguise." R & D Latex , 242 F.3d at 1114 (internal quotation marks and footnote omitted). Significantly, however, the Court found that the insured's "artful pleading implicate[d] one of the factors affecting the propriety of discretionary jurisdiction[,]" namely, discouraging forum shopping. Id. The Court reiterated that "district courts 'should discourage litigants from filing declaratory actions as a means of forum shopping.' " Id. (quoting Dizol , 133 F.3d at 1225 ). Continuing, the Court found that "[w]hile the circumstances here are perhaps different than those anticipated when those words were first written, [it] nonetheless f[ou]nd the principle to be a sound one as applied in this context." Id. at 1115. The Court in R & D Latex pointedly wrote that "[f]orum shopping through the filing of declaratory judgment actions is no more appropriate when it favors state over federal jurisdiction than it is when it favors the reverse." Id. The Ninth Circuit thus held that the insured's form of pleading was "a consideration favoring retention" of the action in federal court. Id.
This reasoning applies with equal force here because: (1) 757BD's complaint is not the model of clarity, as earlier discussed; and (2) when 757BD commenced this action in Superior Court it had "full knowledge of the amount of damages resulting from [National Union's] alleged breach with regard to" the underlying action. See id. at 1114. Thus, the form of 757BD's complaint which on its face does not appear to be either strictly a declaratory judgment claim or strictly a breach of *1166 contract claim, but some hybrid of the two, is a "consideration favoring retention" here. See R & D Latex , 242 F.3d at 1115.
b. "Reactive" Litigation
The Ninth Circuit has "instructed that 'federal courts should generally decline to entertain reactive declaratory actions.' " R.R. Street , 656 F.3d at 976 (quoting Dizol , 133 F.3d at 1225 ). The "archetype of reactive litigation[ ]" is when, "for example, ... an insurer file[s] a declaratory judgment action in federal court 'during the pendency of a non-removable state court action presenting the same issues of state law,' and the insurer did so merely to obtain 'a tactical advantage from litigating in a federal forum,' the 'defensive or reactive' nature of the insurer's action warrant[s] dismissal. R.R. Street , 656 F.3d at 976 (quoting Robsac Indus., 947 F.2d at 1371-72 ). "[A]n insurer's action might also be considered 'reactive' litigation even if it occurs before the other party files a suit if the insurer rushes to file before the insured can file a non-removable state action. Tucker , 2014 WL 1713766, at *3 (citing Robsac Indus. , 947 at 1372 ). Clearly, in the present case, National Union did not do either. National Union's proper removal is, simply put, "not reactive to a state court proceeding[ ] and it is not shopping for a different forum with this action." See id. at *4.
Additionally, in the words of the Ninth Circuit, declining "to provide a declaratory remedy" here, Vasquez , 734 F.3d at 1039 n. 12 (emphasis omitted), "would deprive [National Union] of its choice to litigate this matter in federal court, and undermine the federal interest in providing a neutral forum free from an appearance of favoritism against an out-of-state party." See Allstate Ins. , 430 F.Supp.2d at 1121. Accordingly, the Court finds that the second Brillhart factor also weighs in favor of this Court retaining this action rather than remanding.
3. Duplicative Litigation
The "duplicative litigation factor obviously favors retention[,]" National Union contends, given the absence of any parallel pending state action. (Doc. 22 at 22:5) (emphasis omitted). It is 757BD's position, however, that the duplicative litigation factor is "neutral." (Doc. 25 at 7:21) (emphasis omitted). This Court agrees with National Union. "[R]etaining th[is] action would not result in duplicative litigation because this case was removed in its entirety, leaving no parallel action pending in state court." See Madren v. Belden, Inc. , 2012 WL 2572040, at *5 (N.D. Cal. 2012) (see Gerdes v. GEICO Indem. Co. , 2011 WL 649046, at *2 n. 1 (D.Ariz. 2011) (finding Brillhart inapplicable because defendant had removed the "entire case" to federal court) ) (other citation omitted).
In sum, the Court finds that the three Brillhart factors all favor retention.
B. Secondary Factors
However, because the Brillhart factors are not exhaustive, the Court will briefly examine the various factors that guide a district court in whether a remand of a state declaratory judgment act is appropriate. Dizol , 133 F.3d at 1225 n.5 (citing American States Ins. Co v. Kearns , 15 F.3d 142, 145 (9th Cir. 1994). When the Court does this it finds that the secondary factors are either neutral or also favor retention.
Retention of this action would " 'settle all aspects of the controversy[,]' " as National Union asserts, but so would remand. (See Doc. 22 at 17) (emphasis omitted). Therefore, this factor is neutral, as is the second Kearns factor. Whether here or in Superior Court, resolution of this lawsuit " 'will serve a useful purpose in clarifying the legal relations at issue.' " See Dizol , 133 F.3d at 1225 n. 5 (quoting Kearns , 15 F.3d at 145 (J. Garth, concurring) ). The *1167 last two factors, " 'the convenience to the parties, and the availability and relative convenience of other remedies[,]' " are both neutral as well. See id. (quoting Kearns , 15 F.3d at 145 ).
The Court does not deem National Union's decision not to file an Arizona DJA action in Superior Court after the dismissal of Nat'l Union I , to be procedural fencing, despite what 757BD implies. There is no procedural fencing here in that National Union appropriately removed on the basis of diversity jurisdiction. See TIG Ins. Co. v. Dillard's Inc. , 132 F.Supp.2d 1277, 1282 (D. Nev. 2001) (no issue of procedural fencing where insufficient evidence shown and insurer "otherwise pled jurisdiction ... pursuant to the diversity statute[ ]"). In addition, neither party will obtain a "res judicata advantage" because the Court can conceive of none, and 757BD has not identified any further claims once a judgment is rendered in this action. See Dizol , 133 F.3d at 1225 n. 5. Retention of this lawsuit also will not "result in entanglement between the federal and state court systems[ ]" id. , because there is no parallel pending Superior Court action. See Tucker , 2014 WL 1713766, at *4 ("There is no issue with entanglement between the court systems because there is no other case pending."). These secondary, Kearns factors do not alter this Court's view that retention is proper.
Because the three Brillhart factors favor retention and the secondary factors either favor retention or are neutral, the Court will retain this action and accordingly deny 757BD's motion to remand.
IV. Conclusion.
IT IS ORDERED that Plaintiff's Motion to Remand (Doc. 13) is DENIED .

The parties' requests for oral argument are denied because the issues have been fully briefed and oral argument will not aid the Court in its decision. See Fed. R. Civ. P. 78(b) ; Partridge v. Reich , 141 F.3d 920, 926 (9th Cir. 1998).

Citations to attachments and page numbers of filed documents correspond to the attachment numbers and page numbers generated by the Court's electronic filing system.

757BD mistakenly states that it filed this Superior Court action at the "conclusion of the appellate process[.]" Mot. (Doc. 13) at 3:3. As noted above, the complaint in this action was filed on February 19, 2014, but the Ninth Circuit Court of Appeals did not issue its decision until March 3, 2014.

From 757BD's standpoint, this Court has "broad discretion to refuse to exercise [its] jurisdiction under" the FDJA. (Doc. 13 at 3:10) (bold and underline emphasis omitted) (italicized emphasis added). National Union similarly erroneously asserts that "a federal court's jurisdiction over a pure declaratory judgment claim is discretionary, not obligatory." (Doc. 22 at 10:14-15) (citation omitted) (emphasis added).

In light of the foregoing, despite 757BD's strong urging, the Court will not apply the restated Brillhart factors as set forth in Hoelbl v. GEICO Ins. Co. , 2010 WL 5463389 (D.Ariz. 2010). The Court will instead adhere to the traditional formulation of those factors as most recently reiterated by the Ninth Circuit in R.R. Street .